```
 1  CHERYL A. SKIGIN, #73472
    LAW OFFICE OF CHERYL A. SKIGIN
 2  8502 E CHAPMAN AVE #616
    ORANGE, CA 92869
 3  TELEPHONE: (714) 273-0210
    FACSIMILE: (714) 242-2077
 4  CASKIGIN@EARTHLINK.NET

 5  ATTORNEY FOR CREDITOR
    BRIDGECREST ACCEPTANCE CORPORATION
 6
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| IN RE:<br><br>Gregory Morgan Leibscher<br><br><br><br><br><br><br><br>Debtor. | Case No. 6:23-BK-14573-RB<br>(Chapter 13 Proceeding)<br><br>**CREDITOR BRIDGECREST ACCEPTANCE CORPORATION'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>**341 Hearing:**<br>Time: 08:00 AM<br>Date: November 15, 2023<br><br>**Confirmation Hearing:**<br>Time: 11:00 AM<br>Date: December 13, 2023<br>Location: Crtrm 303, 3420 Twelfth St.,<br>                 Riverside, CA 92501<br>Judge: Magdalena Reyes Bordeaux |

   COMES NOW, Bridgecrest Acceptance Corporation ("Creditor"), and respectfully objects to confirmation of the Chapter 13 Plan ("Plan") filed by Gregory Morgan Leibscher (hereafter referred to as "Debtor") and states the following:

1

# BACKGROUND

1. This United States Bankruptcy Court for the Central District of California has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1325. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (L), and (O).

2. On October 04, 2023, Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code ("Petition").

3. Creditor holds a security interest in the vehicle identified as a 2015 Honda Accord LX Sedan 4D, VIN: 1HGCR2F36FA229528 (the "Collateral"). Copies of the Motor Vehicle Retail Installment Sales Contract and evidence of title are attached as Exhibits "A" and "B," respectively.

4. The Collateral was acquired by Debtor for personal use.

5. The balance owed under the Sales Contract at the time of Petition was $11,865.03.

6. The Chapter 13 Plan filed by the Debtor does not list the Creditor.

# GROUNDS FOR OBJECTION

Creditor objects to the Plan for the following reasons:

7. Under the hanging paragraph of § 1325(a)(9)(*), a Debtor may not use § 506 to limit the secured portion of a claim to the Collateral's value if the creditor has a purchase money security interest securing the debt that is the subject of the claim and the Collateral was purchased within 910 days of the petition date. *See Ford Motor Credit Co., v. Dale (In re Dale),* 582 F.3d 568 (5th Cir. 2009); *In re Penrod, 636 F.3d 1175 (9th Cir. 2011)* (purchase money obligations protected by hanging paragraph) and *In re Rodriguez,* 375 B.R. 535 (9th Cir. BAP 2007). In other words, when a Debtor purchases a vehicle for personal use within 910 days of filing bankruptcy, they may not cram down the value paid to the creditor over the life of their Chapter 13 Plan.

8. The Plan fails to pay the applicable prime plus interest rate. In addition, the Debtor must pay the present value of the secured claim by paying the creditor a discount rate of interest as measured by the

formula rate expressed by the United States Supreme Court in *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004). *See also Drive Fin. Servs., L.P. v. Jordan,* 521 F.3d 343 (5th Cir. 2008) (applying prime plus rate to vehicle lender's claim). The current prime rate of interest is 8.500%. To the extent that the Plan proposes to pay less than the prime interest rate plus 1.000%, Creditor objects to the confirmation of the Plan.

9. The Plan does not provide for equal monthly payments to Creditor. The Code requires that a Plan may be confirmed over an objection of a secured creditor only if the payments made under the Plan are "in equal monthly amounts." 11 U.S.C. § 1325(a)(5)(B)(iii)(I). To the extent that the Plan provides payments to Creditor on a pro rata basis, Creditor objects to the confirmation of the Plan.

10. To the extent the Plan fails to provide for any payment to the secured creditor, the Plan may not be feasible assuming the Debtor intends to maintain payments on the Collateral.

WHEREFORE, Creditor asks the Court to deny confirmation of the Chapter 13 Plan, and dismiss the Chapter 13 case, or, in the alternative, convert the case under Chapter 7 of the Bankruptcy Code. Creditor asks for such other and further relief to which it is justly entitled.

Dated:   October 30, 2023         Law Office of Cheryl A. Skigin

*/s/ Cheryl A. Skigin*
Attorney for Bridgecrest Acceptance Corporation

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4515 N. Santa Fe Ave., Dept. APS, Oklahoma City, OK 73118

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/30/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service List

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/30/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attached Service List

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/30/2023 | Cathy Bush | /s/ Cathy Bush |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**

# ATTACHMENT "SERVICE LIST"

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Tyson Takeuchi tyson@tysonfirm.com
Rod Danielson notice-efile@rodan13.com
United States Trustee ustpregion16.rs.ecf@usdoj.gov
Amitkumar Sharma         amit.sharma@aisinfo.com

**SERVED BY UNITED STATES MAIL:**

| **DEBTOR** | **PRESIDING JUDGE'S COPY:** |
|---|---|
| Gregory Morgan Leibscher | Judge Magdalena Reyes Bordeaux |
| 11437 Pondhurst Way | 3420 Twelfth Street, Suite 365 |
| Riverside, CA 92505 | Riverside, CA 92501 |
| By First Class Mail | By First Class Mail |